
U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

JUL 1 4 2021

CLERK, U.S. DISTRICT COURT

By_____
     Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| MARCOS GERALDO DOMINGUEZ, | § | |
| Movant, | § | |
| VS. | § | NO. 4:21-CV-399-A |
| | § | (NO. 4:19-CR-041-A) |
| UNITED STATES OF AMERICA, | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of Marcos Geraldo Dominguez, movant, under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody. The court, having considered the motion, the government's response, the record, including the record in the underlying criminal case, No. 4:19-CR-041-A, styled "United States v. Juan Ernesto Hernandez, et al.," and applicable authorities, finds that the motion should be denied.

I.

### Background

The record in the underlying criminal case reflects the following:

On February 13, 2019, movant was named along with others in a four-count information charging him in count three with conspiracy to possess with intent to distribute 500 grams or

more of a mixture and substance containing a detectable amount of cocaine, in violation of 21 U.S.C. § 846. CR Doc.[1] 91. On February 26, 2019, movant appeared before the court with the intent to enter a plea of guilty without benefit of a written plea agreement. CR Doc. 120. Movant and his attorney signed a waiver of indictment. CR Doc. 121. They also signed a factual resume setting forth the maximum penalties faced by movant, the elements of the offense, and the stipulated facts establishing that movant had committed the offense. CR Doc. 122. Movant testified under oath at arraignment that: He understood that he should never depend or rely upon any statement or promise by anyone as to what penalty would be assessed against him and that his plea must not be induced or prompted by any promises, mental pressure, threats, force, or coercion; he had discussed with his attorney how the sentencing guidelines might apply in his case; the court would not be bound by the stipulated facts and could take into account other facts; the guideline range could not be determined until the presentence report ("PSR") had been prepared; his term of imprisonment would be at least five years and could be as much as forty years; he understood the elements of the offense and he admitted that all of them existed; he had

---

[1] The "CR Doc. __" reference is to the number of the item on the docket in the underlying criminal case, No. 4:19-CR-041-A.

read and understood the information; he had read and understood the factual resume and understood everything in it; he was satisfied with his representation; no threats or promises had been made to induce him to plead guilty; and, the stipulated facts in the factual resume were true. CR Doc. 367.

The probation officer prepared the PSR, which reflected that movant's base offense level was 32. CR Doc. 158, ¶ 34. He received a two-level increase for possession of a dangerous weapon, id. ¶ 35, and a two-level increase for maintaining a drug premises. Id. ¶ 36. He received a two-level and a one-level reduction for acceptance of responsibility. Id. ¶¶ 42, 43. Based on a total offense level of 33 and a criminal history category of II, his guideline imprisonment range was 151 to 188 months. Id. ¶ 92. Movant filed objections. CR Doc. 191. The probation officer prepared and addendum to the PSR. CR Doc. 206.

Movant was sentenced to a term of imprisonment of 151 moths. CR Doc. 260. He appealed. CR Doc. 294. The judgment was affirmed. United States v. Dominguez, 799 F. App'x 886 (5th Cir. 2020).

II.

Grounds of the Motion

Movant urges three grounds in support of his motion, all based on ineffective assistance of counsel. Doc.[2] 1 at 7. The motion refers to movant's memorandum, Doc. 2, as setting forth the supporting facts. Doc. 1 at 7.

III.

Standards of Review

A. 28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. United States v. Frady, 456 U.S. 152, 164-165 (1982); United States v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only, and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. Shaid, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of

---

[2] The "Doc. __" reference is to the number of the item on the docket in this civil action.

constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. United States v. Capua, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. Davis v. United States, 417 U.S. 333, 345 (1974); United States v. Placente, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." Moore v. United States, 598 F.2d 439, 441 (5th Cir. 1979) (citing Buckelew v. United States, 575 F.2d 515, 517-18 (5th Cir. 1978)).

B. Ineffective Assistance of Counsel Claims

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. Strickland v. Washington, 466 U.S. 668, 687 (1984); see also Missouri v. Frye, 566 U.S. 133, 147 (2012). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." Strickland, 466 U.S. at 697; see also

United States v. Stewart, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," Harrington v. Richter, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Cullen v. Pinholster, 563 U.S. 170, 189 (2011) (quoting Strickland, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. Strickland, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the Strickland test. Miller v. Johnson, 200 F.3d 274, 282 (5th Cir. 2000).

IV.

Analysis

In his first ground, movant complains of counsel's assistance in connection with, and prior to, the plea. Doc. 1 at 7. He alleges that he was effectively coerced by misinformation and misadvice of counsel, which rendered his plea involuntary. Doc. 2 at 9. He says that had he known he could be held liable for more than the amount of cocaine described in the factual

resume, he would have negotiated a better deal. Id. Or, alternatively, had he known he could be stuck with "false enhancements," he would have exercised his right to trial. Id. at 10.

Movant does not spell out exactly what his counsel did or failed to do that fell below the objective standard of reasonableness.[3] Strickland, 466 U.S. at 687. His conclusory allegations are insufficient to overcome the presumption of competency. Id. at 689; Miller, 200 F.3d at 282. As the government points out, movant would have faced a higher guideline range had he not pleaded guilty, since he would not have received acceptance of responsibility. Doc. 11 at 9. Moreover, as the court noted at arraignment, movant agreed to plead guilty because he was only charged in one count of the information. CR Doc. 367 at 57.

Any contention that movant's plea was not knowing and voluntary is belied by the record. "Solemn declarations in open court carry a strong presumption of verity." Blackledge v. Allison, 431 U.S. 63, 74 (1977). His factual resume is likewise

---

[3] Movant refers to a "conflict of interest." Doc. 2 at 11. However, to establish such a claim, movant must show that his attorney acted under the influence of an actual conflict and that such conflict adversely affected movant's representation. United States v. Culverhouse, 507 F.3d 888, 892 (5th Cir. 2007). A theoretical or speculative conflict is not enough; movant must show that his counsel was required to make a choice advancing his own interests or the interests of another client to movant's detriment. United States v. Garcia-Jasso, 472 F.3d 239, 243 (5th Cir. 2006); Beets v. Collins, 986 F.2d 1478, 1486 (5th Cir. 1993). If counsel did not make a choice, the conflict remains hypothetical. Garcia-Jasso, 472 F.3d at 243.

entitled to the presumption. United States v. Abreo, 30 F.3d 29, 32 (5th Cir. 1994); Hobbs v. Blackburn, 752 F.2d 1079, 1081 (5th Cir. 1985). For a defendant who seeks habeas relief on the basis of alleged promises inconsistent with representations he made in open court when entering his plea of guilty to prevail, he must prove: "(1) the exact terms of the alleged promise, (2) exactly when, where, and by whom the promise was made, and (3) the precise identity of the eyewitness to the promise." United States v. Cervantes, 132 F.3d 1106, 1110 (5th Cir. 1998). To be entitled to an evidentiary hearing, the defendant must produce "independent indicia of the likely merit of [his] allegations, typically in the form of one or more affidavits from reliable third parties." Id. "If, however, the defendant's showing is inconsistent with the bulk of [his] conduct or otherwise fails to meet [his] burden of proof in the light of other evidence in the record, an evidentiary hearing is unnecessary." Id. See also United States v. Fuller, 769 F.2d 1095, 1099 (5th Cir. 1985). Movant's guilty plea was knowing and voluntary and made with sufficient awareness of the relevant circumstances and likely consequences. Bradshaw v. Stumpf, 545 U.S. 175, 183 (2005). Movant has failed to provide any independent evidence in support of any of his contentions that are at variance with the

statements he made, or the answers he gave, while under oath at the arraignment hearing.

Once a guilty plea has been entered, all nonjurisdictional defects in the proceedings against the defendant are waived. United States v. Cavitt, 550 F.3d 430, 441 (5th Cir. 2008). A guilty plea waives pre-plea ineffective assistance of counsel unless the movant can show that he would not have pleaded guilty but for counsel's deficient performance and that he would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 59 (1985); Cavitt, 550 F.3d at 441. Thus, the allegation that movant would have negotiated a better deal is insufficient. As for the contention that he would have gone to trial, movant offers nothing but his post hoc conclusory allegation, which is insufficient. Lee v. United States, 137 S. Ct. 1958, 1967 (2017).

Movant's second ground alleges that he received ineffective assistance of counsel in connection with sentencing. Doc. 1 at 7. He complains that counsel failed to object to his base offense level, the enhancements, and the court's characterization of movant's background as including "quite a criminal history." Doc. 2 at 4-8. It is clear that what movant is complaining about is his counsel's perception that objecting

too vehemently to the PSR would result in the loss of acceptance of responsibility. Id. at 9 & Ex. 1.

When making factual findings for sentencing purposes, the court may consider any information that bears sufficient indicia of reliability. United States v. Harris, 702 F.3d 226, 230 (5th Cir. 2012). The standard is not onerous; it simply means that the facts used by the court must be reasonably reliable. United States v. Malone, 828 F.3d 331, 337 (5th Cir. 2016). The results of a law enforcement investigation can be relied upon. United States v. Fuentes, 775 F.3d 213, 220 (5th Cir. 2014). Statements of coconspirators are sufficiently reliable to form a basis of a finding. United States v. Rico, 864 F.3d 381, 386 (5th Cir. 2017). Even uncorroborated hearsay may be sufficiently reliable. Malone, 828 F.3d at 337; United States v. Gaytan, 74 F.3d 545, 558 (5th Cir. 1996). And, because a presentence report generally bears a sufficient indicia of reliability, the court may adopt the facts asserted therein without further inquiry if they have an adequate evidentiary basis and the defendant does not present rebuttal evidence or otherwise demonstrate that the information therein is materially untrue, inaccurate, or unreliable. Harris, 702 F.3d at 230.

Movant's base offense level was determined based on reliable information as set forth in the PSR. An unidentified

coconspirator ("UCC") delivered 10 kilograms of cocaine to movant on two separate occasions in October 2014. CR Doc. 158, ¶ 21. The UCC observed large amounts of cash, drug scales, a money counting machine, and several firearms in movant's residence. Id. Movant admitted that he organized a shipment of 15 kilograms of cocaine from Mexico with the intent to distribute it. CR Doc. 122 at 2 CR Doc. 158, ¶ 22. A base offense level of 32 applied because the offense involved at least 15 kilograms but less than 50 kilograms of cocaine. CR Doc. 158, ¶ 34. Thus, the base offense level would have been the same whether the court took into account the 20 kilograms delivered to movant by the UCC. An objection would have been pointless and might have cost movant acceptance of responsibility.

The two-level increase for possession of a dangerous weapon is likewise clearly supported by the PSR. The UCC saw weapons at movant's residence when delivering the second shipment of cocaine. CR Doc. 158, ¶ 21. In addition, numerous weapons[4] were discovered when a search was conducted of movant's residence, along with a digital money scale, clear plastic narcotics packaging, black tape, and five cellular telephones. Id. ¶ 25.

---

[4] Movant's memorandum refers only to one weapon that movant says he used for hunting. Doc. 2 at 6. He does not refer to the others.

Thus, it was not clearly improbable that the firearms were connected with the offense. USSG 2D1.1(b)(1) cmt. n. 11(A). See United States v. Hooten, 942 F.2d 878, 882 (5th Cir. 1991)(enhancement should be applied where weapon is found in the same location where drugs or drug paraphernalia is stored or where part of transaction occurred).

As for the premises enhancement, the UCC twice delivered 10 kilograms of cocaine to movant at his residence, where other drug paraphernalia and weapons were seen. Years later, when movant was arrested, agents found firearms and drug paraphernalia at the same residence. The premises enhancement was properly applied. CR Doc. 158, ¶ 36; United States v. Benitez, 809 F.3d 243, 250 (5th Cir. 2015).

Movant has not come forward with any evidence to show that there would have been the slightest merit to the objections he says should have been lodged to the PSR. Counsel cannot have been ineffective for failing to lodge meritless objections. United States v. Kimler, 167 F.3d 889, 893 (5th Cir. 1999).

Movant additionally urges that counsel should have objected to the court's characterization of his background at sentencing. The court was entitled to consider prior criminal conduct not resulting in a conviction. United States v. Lopez-Velasquez, 526 F.3d 804, 807 (5th Cir. 2008). The PSR provided more than a bare

arrest record and the court was entitled to find the information reliable. United States v. Windless, 719 F.3d 415, 420 (5th Cir. 2013); United States v. Vela, 927 F.2d 197, 201 (5th Cir. 1991). Movant has made no attempt to show that any of the facts recited by the court were materially untrue, inaccurate, or unreliable. Harris, 702 F.3d at 230. Movant was sentenced within the guidelines. He has not shown that the court erred. Nor has he shown that his sentence would have been any different had his counsel objected as he suggests should have been done.

Finally, movant alleges that he received ineffective assistance of counsel on appeal. Doc. 1 at 7. He briefly mentions this allegation in his memorandum, making the conclusory allegation that counsel erred in failing to raise procedural, rather than substantive, error. Doc. 2 at 8-9, 12. Again, his conclusory allegations are insufficient to establish ineffective assistance. Miller, 200 F.3d at 282. Movant has not shown a reasonable probability that, but for counsel's error (assuming there was one), he would have been afforded relief on appeal. United States v. Reinhart, 357 F.3d 521, 530 (5th Cir. 2004). As the Fifth Circuit noted, the court "was in the best position to evaluate all the evidence, as well as the need for the sentence to further the other objectives set forth in

§ 3553(a)," and its decision was entitled to deference. Dominguez, 799 F. App'x at 886.

V.

Order

The court ORDERS that all relief sought by movant in his motion under 28 U.S.C. § 2255 be, and is hereby, denied.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and 28 U.S.C. § 2253(c)(2), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as movant has not made a substantial showing of the denial of a constitutional right.

SIGNED July 14, 2021.

_____
JOHN McBRYDE
United States District Judge